UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DELGADO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; and JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities,<br><br>　　　　　　Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, JOHN DELGADO, was accosted by two unidentified Massachusetts State Police officers, one of whom assaulted him and ripped off a sticker from a jacket he was wearing. If an individual can wear a jacket that says "FUCK THE DRAFT" inside a courthouse, it is a clearly established violation of the First Amendment for a cop to assault a citizen for wearing a ""Real Justice for John O'Keefe FKR" sticker on a public sidewalk at a distance from a courthouse.

GEOFFREY NOBLE is sued in his official capacity only as Superintendent of the Massachusetts State Police; Defendants JOHN DOES 1 & 2 (Massachusetts State Police officers) are sued in their official and personal capacities. Plaintiff brings claims under 42 U.S.C. § 1983 for Defendants' violation of his First and Fourth Amendment rights, and alleges as follows:

## THE PARTIES

1.　　Plaintiff John Delgado is a natural person who resides in Massachusetts.

2.　　Defendant Geoffrey Noble is the Superintendent of the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

3. Defendant John Doe 1 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

4. Defendant John Doe 2 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourth Amendments to the U.S. Constitution.

6. This Court has personal jurisdiction over all defendants as they are all citizens or organs of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and all events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### 1.0 General Background

8. On or about January 29, 2022, John O'Keefe, a Boston Police Officer, died.

9. On or about June 9, 2022, a true bill was returned in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County, indicting Karen Read and charging her with a) second degree murder of O'Keefe per G.L. c. 265, § 1; b) killing O'Keefe with her motor vehicle while intoxicated per G.L. c. 265, § 13 ½; and c) a hit-and-run death of O'Keefe under. G.L. c. 90, § 24,(2)(a ½)(2).

10. Judge Beverly Cannone is the presiding judge in the Read prosecution, in the case styled *Commonwealth v. Read,* Case No. 2282CR00017, in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereinafter "*Read* Case").

11. A trial in the *Read* Case was held in 2024, which resulted in a mistrial after the jury failed to reach a unanimous decision (hereinafter "first trial").

12. A second trial in the *Read* Case began on April 1, 2025 (hereinafter "second trial").

13. Prior to the first trial, the Commonwealth filed a motion to *inter alia* create a "buffer zone" beyond the grounds of the Norfolk Superior Courthouse, to prohibit any individual from demonstrating in any manner about Read, law enforcement, the DA, potential witnesses, and evidence within 500 feet of the court complex during the trial.

14. Judge Cannone then issued an order granting the Commonwealth's motion, asserting that the Commonwealth's perceived inconveniences overcame everyone else's First Amendment rights, without regard for any differentiation between members of the public, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit A**.

15. Speech that does not qualify as a "demonstrat[ion]" was not restricted. Thus, a nearby café could advertise breakfast using a bullhorn and parade its menu on picket signs and placards; Celtics and Bruins fans could similarly honor their teams by hooting/hollering and carrying placards. And in fact, commercial speech was permitted within the zone.

16. In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (again, encompassing private property and traditional public fora, including public sidewalks and other areas). The Commonwealth also sought specific instructions to request police to use force to quash any dissent or protest. *See* **Exhibit B.**

17. Without an opportunity for affected persons to intervene or be heard, Judge Cannone issued an Order on March 25, 2025, granting the Commonwealth's motion, asserting that the basis for the first motion warranted a *larger* buffer zone for the second trial, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit C** (hereinafter "Second Prior Restraint Order").

18. Massachusetts State Police officers took action to enforce the buffer zone order during the first trial, and the State Police, including Defendants Doe 1 & 2, under the control and direction of Defendant Noble, are acting to enforce the Second Prior Restraint Order.

**2.0    Unidentified State Police Officers Interfere with Bryant's Newsgathering**

19. Michel Bryant is a Host and Producer with Justice Served TV.

20. On April 1, 2025, Bryant was walking on the sidewalk near the Dedham Courthouse, inside the "buffer zone," but he was not protesting, he was news gathering.

21. While doing so, he recorded a video through his phone titled "Arrest Threats by Mass Staties in #KarenRead Case."

22. A true and correct copy of the video appears at **Exhibit D**.

23. While Bryant was newsgathering, he interviewed Plaintiff John Delgado,.

24. Delgado was not protesting; he was, however, wearing a blue sticker that says, "Real Justice for John O'Keefe FKR."

25. While newsgathering in the "buffer zone," two unidentified Massachusetts State Police officers, Defendants John Does 1 & 2, approached Delgado and told him that he could not remain in the area, despite the fact that he was only walking and talking to a reporter.

26. Doe 1 told Delgado, "That's gotta go" in reference to Delgado's sticker.

27. Doe 1 violently assaulted and battered Delgado, ripping the sticker off his jacket.

28. Doe 1 then threatened Delgado "I don't want to see you walking by here again."

29. The aforesaid police encounter with Delgado appears as part of **Exhibit D**.

30. The video streamed live from Bryant's phone to YouTube on or about 9:33 am EDT on April 1, 2025.

31. Bryant later uploaded this video of the interaction to his YouTube Channel, JSTV – Justice Served TV, on April 2, 2025, as part of his reporting, at https://www.youtube.com/watch?v=rI4M9y-6Xec.

32. The video was part of the longer broadcast "Karen Read Trial: Jury Selection Begins! Michel LIVE at the Courthouse | Linda Breaks It All Down" at https://www.youtube.com/live/gnRtGAD4LSM.

33. Plaintiff wishes to continue wearing communicative stickers related to the *Read* case, including in the buffer zone, but fears further assault & battery, destruction of property, and interference by the Massachusetts State Police, including, but not limited to, the Doe Defendants.

//

**CAUSE OF ACTION**
*Count I*
**Violation of the First Amendment to the United States Constitution**
**Declaratory Judgment & Injunctive Relief**
**(42 U.S.C. 1983 – First Amendment)**

**(Against All Defendants)**

34. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

35. The Second Prior Restraint Order is facially unconstitutional. It is a content-based regulation of protected speech in a public forum that cannot withstand strict scrutiny. While the Supreme Court has upheld a statute relating to picketing or parading near courthouses, it has not approved of a 200 foot buffer with an additional larger, ill-defined area. Contrast *Cox v. Louisiana*, 379 U.S. 559 (1965). It is overinclusive—it includes speech in private businesses and homes and in traditional public fora. And, it is underinclusive, as it does not regulate other forms of speech directed at potential jurors (the ostensible "fair trial" reason given).

36. The Second Prior Restraint Order purports to address noise and to minimize prospective jurors' exposure to viewpoints about the Read case, but it is targeted solely to speech in the ambit of the Read case when Judge Cannone and the Superior Court routinely conduct jury trials without such restrictions.

37. Judge Cannone could have taken measures to reduce jurors' exposure to noise and public speech without imposing content-based restrictions.

38. The Second Prior Restraint Order is unconstitutionally vague. Plaintiff cannot ascertain where he may not demonstrate as the purported bounds are not bounds at all. Plaintiff cannot ascertain exactly what speech is prohibited—it is unclear if he can wave political signs or wear stickers that say "Vote Against DA Morrissey" or "Judge Cannone is Corrupt."

39. The Second Prior Restraint Order is an unconstitutional prior restraint on speech.

40. The Second Prior Restraint Order is unconstitutional as applied. Defendants have been purposely targeting people, like Plaintiff

41. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

42. Therefore, Plaintiff is entitled to a declaration that the Second Prior Restraint Order is unconstitutional and they are entitled to an injunction against all Defendants prohibiting enforcement of the Second Prior Restraint Order.

### *Count II*
### Violation of the First Amendment to the United States Constitution: Retaliation
### (42 U.S.C. 1983 – First Amendment)
### (Against Does 1 & 2)

43. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

44. The Doe Defendants' conduct of threatening Delgado on account of his April 1, 2025, constitutionally protected activity of wearing a sticker is unconstitutional and violates his First Amendment right to freedom of speech and expression.

45. It is clearly established that there is a First Amendment right to wear expressive clothing in and around a courthouse. *See, e.g., Cohen v. California*, 403 U.S. 15 (1971).

46. The Doe Defendants' restriction on Delgado's speech is content-based and is in violation of the Free Speech Clause of the First Amendment.

47. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

48. Even a momentary deprivation of First Amendment rights is an irreparable injury.

49. The violation of Delgado's First Amendment rights has proximately caused him damage, including mental and emotional injury.

50. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

### *Count III*
### Violation of the Fourth Amendment to the United States Constitution: Unlawful Seizure
### (42 U.S.C. 1983 – Fourth Amendment)
### (Against Doe 1)

51. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

52. At all times relevant to this Complaint, Delgado had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his personal property by law enforcement officers such as Defendant Doe 1.

53. At all times, Delgado had a possessory interest in the sticker he was wearing.

54. Doe 1 unlawfully and unreasonably seized Delgado's property because he ripped off and destroyed the sticker Delgado was wearing.

55. Such seizure was warrantless and without probable cause.

56. There were no governmental interests to warrant such intrusion on Delgado's interests; assuming, *arguendo*, the Second Prior Restraint Order was lawful, Delgado could have covered the sticker rather than endure an assault on his person and its destruction.

57. Due to Doe 1's unlawful conduct, Delgado is entitled to all allowable damages under law, including, but not limited to, the value of the sticker.

58. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

59. Violating Delgado's Fourth Amendment rights proximately caused him damage.

60. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

<u>*Count IV*</u>
**Violation of the Fourth Amendment to the United States Constitution: Unreasonable Force**
**(42 U.S.C. 1983 – Fourth Amendment)**
**(Against Doe 1)**

61. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

62. At all times relevant to this Complaint, Delgado had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable force by law enforcement officers such as Defendant Doe 1.

63. Doe 1 unlawfully and unreasonably used force against Delgado when he assaulted and battered him and he ripped off and destroyed the sticker Delgado was wearing.

64. Such use of force was warrantless and without probable cause.

65. There were no governmental interests to warrant such intrusion on Delgado's interests; assuming, *arguendo*, the Second Prior Restraint Order was lawful, Delgado could have covered the sticker rather than endure an assault and battery on his person.

66. Due to Doe 1's unlawful conduct, Delgado is entitled to all allowable damages under law, including, but not limited to, mental injury and emotional distress.

67. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

68. Violating Delgado's Fourth Amendment rights proximately caused him damage.

69. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. A declaration that the Second Prior Restraint Order is unconstitutional under the First Amendment of the United States Constitution.

B. A declaration that enforcing the Second Prior Restraint Order is unconstitutional under the First Amendment of the United States Constitution.

C. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Dedham, Massachusetts.

D. To award Plaintiff damages for the violation of his constitutional rights.

E. To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

F. To award such other relief as this Honorable Court may deem just and proper.

Dated: April 4, 2025.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark. Trammell
(*Pro Hac Vice* Forthcoming)
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiff.*