RANDAZZA | LEGAL GROUP

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DELGADO,<br><br>                     Plaintiff,<br><br>      v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities; TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham; and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney<br><br>                     Defendants. | Civil Action No. 1:25-cv-10818-RGS |

# FIRST AMENDED COMPLAINT

The Karen Read trial has garnered significant public attention and Judge Cannone has pretextually shut down all First Amendment activity within an ill-defined "buffer zone" declared on the streets, public walkways, public library, and private properties surrounding the Dedham Courthouse.  Judge Cannone entered the order, ex parte, enjoining Plaintiff (and everyone else), who are not subject to her jurisdiction, from speaking on private property and on traditional public fora.  It is a lawless, *ultra vires* act, that violates constitutional guarantees of free speech and due process.  Cannone had no power to impose the buffer zone, and now the zone is being enforced in such a draconian manner that the Massachusetts State Police are using it as license to physically assault members of the public and to shut down even the quiet speech of a man walking peacefully, with a sticker on his jacket.

To remedy this wrong, Plaintiff, JOHN DELGADO, brings suit against the TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court, GEOFFREY NOBLE, as Superintendent of the Massachusetts State Police; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham, Massachusetts, and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney. Acting on this unconstitutional order, Mr. Delgado was accosted by two unidentified Massachusetts State Police officers, one of whom assaulted him and ripped off a sticker from a jacket he was wearing. They did this to enforce an unlawfully entered "buffer zone." If an individual can wear a jacket that says "FUCK THE DRAFT" inside a courthouse, it is a clearly established violation of the First Amendment for a cop to assault a citizen for wearing a "Real Justice for John O'Keefe FKR" sticker on a public sidewalk at a distance from a courthouse.

GEOFFREY NOBLE is sued in his official capacity only as Superintendent of the Massachusetts State Police; Defendants MICHAEL d'ENTREMONT and MICHAEL W. MORRISSEY are sued in their official capacities only as Chief of the Dedham Police Department and Norfolk County District Attorney. JOHN DOES 1 & 2 (Massachusetts State Police officers) are sued in their official and personal capacities.

Plaintiff brings claims under 42 U.S.C. § 1983 for Defendants' violation of his First and Fourth Amendment rights, and alleges as follows:

## THE PARTIES

1. Plaintiff John Delgado is a natural person who resides in Massachusetts.

2. Defendant Geoffrey Noble is the Superintendent of the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

3. Defendant John Doe 1 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

4. Defendant John Doe 2 is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

5. Defendant Michael d'Entremont is the Chief of the Police Department of the Town of Dedham, Massachusetts, and, at all relevant times, worked in Dedham, Massachusetts.

6. Defendant Michael W. Morrissey is the Norfolk County, Massachusetts, District Attorney and, at all relevant times, worked in Norfolk County, Massachusetts.

7. Defendant Trial Court of the Commonwealth of Massachusetts is a judicial entity organized under Mass. Gen. Laws. ch. 211B, § 1.

8. Defendant Beverly J. Cannone is a Justice of the Norfolk County Superior Court and, at all relevant times, worked in Dedham, Massachusetts.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourth Amendments to the U.S. Constitution.

10. This Court has personal jurisdiction over all defendants as they are all citizens or organs of the Commonwealth of Massachusetts, and the defendants committed the acts complained of within the said Commonwealth.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all defendants reside in this District and all events giving rise to the claim occurred in this District.

//

//

# FACTUAL BACKGROUND

**1.0   General Background**

12. On or about January 29, 2022, John O'Keefe, a Boston Police Officer, died.

13. On or about June 9, 2022, a true bill was returned in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County, indicting Karen Read and charging her with a) second degree murder of O'Keefe per G.L. c. 265, § 1; b) killing O'Keefe with her motor vehicle while intoxicated per G.L. c. 265, § 13 ½; and c) a hit-and-run death of O'Keefe under. G.L. c. 90, § 24,(2)(a ½)(2).

14. Judge Beverly Cannone is the presiding judge in the Read prosecution, in the case styled *Commonwealth v. Read,* Case No. 2282CR00017, in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereinafter "*Read* Case").

15. A trial in the *Read* Case was held in 2024, which resulted in a mistrial after the jury failed to reach a unanimous decision (hereinafter "first trial").

16. A second trial in the *Read* Case began on April 1, 2025 (hereinafter "second trial").

17. Prior to the first trial, the Commonwealth filed a motion to *inter alia* create a "buffer zone" beyond the grounds of the Norfolk Superior Courthouse, to prohibit any individual from demonstrating in any manner about Read, law enforcement, the DA, potential witnesses, and evidence within 500 feet of the court complex during the trial.

18. Judge Cannone then issued an order granting the Commonwealth's motion, asserting that the Commonwealth's perceived inconveniences overcame everyone else's First Amendment rights, without regard for any differentiation between members of the public, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the

parking area behind the Norfolk County Registry of Deeds building. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit A**.

19. Speech that does not qualify as a "demonstrat[ion]" was not restricted. Thus, a nearby café could advertise breakfast using a bullhorn and parade its menu on picket signs and placards; Celtics and Bruins fans could similarly honor their teams by hooting/hollering and carrying placards. And in fact, commercial speech was permitted within the zone.

20. In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (again, encompassing private property and traditional public fora, including public sidewalks and other areas). The Commonwealth also sought specific instructions to request police to use force to quash any dissent or protest. *See* **Exhibit B.**

21. Without an opportunity for affected persons to intervene or be heard, Judge Cannone issued an Order on March 25, 2025, granting the Commonwealth's motion, asserting that the basis for the first motion warranted a *larger* buffer zone for the second trial, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit C** (hereinafter "Second Prior Restraint Order").

22. Judge Cannone lacks the authority to issue an order taking away anyone's First Amendment rights outside the courthouse, unless they are parties to the proceeding before her or in privity with them. This Court may enjoin Judge Cannone from engaging in acts that the she has

no authority to take. *See, e.g*, *OA VW LLC v. Massachusetts DOT*, 76 F. Supp. 3d 374, 378 (D. Mass. 2015). It should do so immediately.

23. Massachusetts State Police officers took action to enforce the buffer zone order during the first trial, and the State Police, including Defendants Doe 1 & 2, under the control and direction of Defendant Noble, are acting to enforce the Second Prior Restraint Order.

**2.0    State Police Officers Interfere with Newsgathering and with Delgado Exercising his Clearly Established Rights**

24. Michel Bryant is a Host and Producer with Justice Served TV.

25. On April 1, 2025, Bryant was walking on the sidewalk near the Dedham Courthouse, inside the "buffer zone," but he was not protesting, he was news gathering.

26. While doing so, he recorded a video through his phone titled "Arrest Threats by Mass Staties in #KarenRead Case."

27. A true and correct copy of the video appears at **Exhibit D**.

28. While Bryant was newsgathering, he interviewed Plaintiff John Delgado.

29. Delgado was not protesting; he was, however, wearing a blue sticker that says, "Real Justice for John O'Keefe FKR."

30. While newsgathering in the "buffer zone," two unidentified Massachusetts State Police officers, Defendants John Does 1 & 2, approached Delgado and told him that he could not remain in the area, despite the fact that he was only walking and talking to a reporter.

31. Doe 1 told Delgado, "That's gotta go" in reference to Delgado's sticker.

32. Doe 1 violently assaulted and battered Delgado, ripping the sticker off his jacket.

33. Doe 1 then threatened Delgado "I don't want to see you walking by here again."

34. The aforesaid police encounter with Delgado appears as part of **Exhibit D**.

RANDAZZA | LEGAL GROUP

35. The video streamed live from Bryant's phone to YouTube on or about 9:33 am EDT on April 1, 2025.

36. Bryant later uploaded this video of the interaction to his YouTube Channel, JSTV – Justice Served TV, on April 2, 2025, as part of his reporting, at https://www.youtube.com/watch?v=rI4M9y-6Xec.

37. The video was part of the longer broadcast "Karen Read Trial: Jury Selection Begins! Michel LIVE at the Courthouse | Linda Breaks It All Down" at https://www.youtube.com/live/gnRtGAD4LSM.

38. Plaintiff wishes to continue wearing communicative stickers related to the *Read* case, including in the buffer zone, but fears further assault & battery, destruction of property, and interference by the Massachusetts State Police, including, but not limited to, the Doe Defendants.

## CAUSE OF ACTION
### *Count I*
### Violation of the First Amendment to the United States Constitution
### Declaratory Judgment & Injunctive Relief
### (42 U.S.C. 1983 – First Amendment)

**(Against All Defendants)**

39. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

40. The Second Prior Restraint Order is facially unconstitutional. It is a content-based regulation of protected speech in a public forum that cannot withstand strict scrutiny. While the Supreme Court has upheld a statute relating to picketing or parading near courthouses, it has not approved of a 200-foot buffer with an additional larger, ill-defined area. *Contrast Cox v. Louisiana*, 379 U.S. 559 (1965). It is overinclusive—it includes speech in private businesses and homes and in traditional public fora. And, it is underinclusive, as it does not regulate other forms of speech directed at potential jurors (the ostensible "fair trial" reason given).

41. The Second Prior Restraint Order purports to address noise and to minimize prospective jurors' exposure to viewpoints about the Read case, but it is targeted solely to speech in the ambit of the Read case when Judge Cannone and the Superior Court routinely conduct jury trials without such restrictions.

42. Judge Cannone could have taken measures to reduce jurors' exposure to noise and public speech without imposing content-based restrictions.

43. The Second Prior Restraint Order is unconstitutionally vague. Plaintiff cannot ascertain where he may not demonstrate as the purported bounds are not bounds at all. Plaintiff cannot ascertain exactly what speech is prohibited—it is unclear if he can wave political signs or wear stickers that say "Vote Against DA Morrissey" or "Judge Cannone is Corrupt."

44. The Second Prior Restraint Order was imposed with no authority to do so. Cannone lacks the authority to issue an order taking away anyone's First Amendment rights outside the courthouse, unless they are parties to the proceeding before her or in privity with them.

45. The Second Prior Restraint Order is an unconstitutional prior restraint on speech.

46. The Second Prior Restraint Order is unconstitutional as applied. Defendants have been purposely targeting people, like Plaintiff.

47. The Second Prior Restraint Order was imposed with no authority by a judge to shut down First Amendment-protected speech on public sidewalks that are not part of Courthouse property, or at least not actually adjacent to the courthouse.

48. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

49. Therefore, Plaintiff is entitled to a declaration that the Second Prior Restraint Order is unconstitutional and they are entitled to an injunction against all Defendants prohibiting enforcement of the Second Prior Restraint Order.

### *Count II*
### Violation of the First Amendment to the United States Constitution: Retaliation
### (42 U.S.C. 1983 – First Amendment)
### (Against Does 1 & 2)

50. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

51. The Doe Defendants' conduct of threatening Delgado on account of his April 1, 2025, constitutionally protected activity of wearing a sticker is unconstitutional and violates his First Amendment right to freedom of speech and expression.

52. It is clearly established that there is a First Amendment right to wear expressive clothing in and around a courthouse. *See, e.g., Cohen v. California*, 403 U.S. 15 (1971).

53. The Doe Defendants' restriction on Delgado's speech is content-based and is in violation of the Free Speech Clause of the First Amendment.

54. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

55. Even a momentary deprivation of First Amendment rights is an irreparable injury.

56. The violation of Delgado's First Amendment rights has proximately caused him damage, including mental and emotional injury.

57. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

## Count III
### Violation of the Fourth Amendment to the United States Constitution: Unlawful Seizure
### (42 U.S.C. 1983 – Fourth Amendment)
### (Against Doe 1)

58. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

59. At all times relevant to this Complaint, Delgado had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his personal property by law enforcement officers such as Defendant Doe 1.

60. At all times, Delgado had a possessory interest in the sticker he was wearing.

61. Doe 1 unlawfully and unreasonably seized Delgado's property because he ripped off and destroyed the sticker Delgado was wearing.

62. Such seizure was warrantless and without probable cause.

63. There were no governmental interests to warrant such intrusion on Delgado's interests; assuming, *arguendo*, the Second Prior Restraint Order was lawful, Delgado could have covered the sticker rather than endure an assault on his person and its destruction.

64. Due to Doe 1's unlawful conduct, Delgado is entitled to all allowable damages under law, including, but not limited to, the value of the sticker.

65. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

66. Violating Delgado's Fourth Amendment rights proximately caused him damage.

67. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

## Count IV
### Violation of the Fourth Amendment to the United States Constitution: Unreasonable Force
### (42 U.S.C. 1983 – Fourth Amendment)
### (Against Doe 1)

68. Plaintiff John Delgado hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

69. At all times relevant to this Complaint, Delgado had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable force by law enforcement officers such as Defendant Doe 1.

70. Doe 1 unlawfully and unreasonably used force against Delgado when he assaulted and battered him and he ripped off and destroyed the sticker Delgado was wearing.

71. Such use of force was warrantless and without probable cause.

72. There were no governmental interests to warrant such intrusion on Delgado's interests; assuming, *arguendo*, the Second Prior Restraint Order was lawful, Delgado could have covered the sticker rather than endure an assault and battery on his person.

73. Due to Doe 1's unlawful conduct, Delgado is entitled to all allowable damages under law, including, but not limited to, mental injury and emotional distress.

74. Delgado desires to continue to wear expressive clothing on the sidewalks near and/or abutting the Dedham Superior Courthouse.

75. Violating Delgado's Fourth Amendment rights proximately caused him damage.

76. Delgado has been injured, or reasonably fears imminent injury, by these constitutional violations, and Delgado is entitled to relief, including, but not limited to, compensatory damages and injunctive and declaratory relief.

## *Count V*
### Violation of the Fourteenth Amendment to the United States Constitution
### (42 U.S.C. 1983 – Procedural Due Process)

77. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

78. Defendants' conduct of issuing and enforcing the Second Prior Restraint Order is unconstitutional and violates Plaintiff's rights to due process of law under the Fourteenth Amendment.

79. Prior to being deprived of his right to speak freely and to assemble, Delgado was entitled to due process.

80. There was no hearing, no opportunity to be heard, nor was there any due process whatsoever. There was merely an arbitrary and capricious action designed to harm Plaintiff and others, issued by one person on account of anticipated First Amendment protected activity.

81. Judge Cannone's Second Prior Restraint Order was issued in the absence of statutory authority or inherent authority over persons not brought within her jurisdiction through process.

82. Judge Cannone's Second Prior Restraint Order was a usurpation of legislative and regulatory functions, not a judicial act.

83. Judge Cannone has no authority over what non-parties to a proceeding may do off courthouse property, let alone on private property or traditional public fora.

84. The Massachusetts Constitution does not empower Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property, and the Federal Constitution prohibits depriving citizens of their liberties without any authorization or without due process.

85. No statute empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in the way they might regulate courthouse property.

86. No ordinance empowers Superior Court Justices with explicit or inherent authority to regulate private property or traditional public fora in they way they might regulate courthouse property.

87. Plaintiff has been injured, and reasonably fears more imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

88. Plaintiff is entitled to a declaration that the Second Prior Restraint Order is unconstitutional and that he is entitled to an injunction on the Second Prior Restraint Order's enforcement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A. A declaration that the Second Prior Restraint Order is unconstitutional under the First Amendment of the United States Constitution.

B. A declaration that enforcing the Second Prior Restraint Order is unconstitutional under the First Amendment of the United States Constitution.

C. A declaration that the Second Prior Restraint Order is was unconstitutionally imposed in violation of the Fourteenth Amendment of the United States Constitution.

D. A declaration that the Second Prior Restraint Order is was an *ultra vires* act that suppressed First Amendment rights and was used to violate Plaintiff's First, Fourth, and Fourteenth Amendment rights.

E. A declaration that enforcing the Second Prior Restraint Order cannot be enforced as it was entered in violation of the Fourteenth Amendment to the United States Constitution.

F. A declaration that JOHN DOE 1 & 2's actions constituted a violation of Plaintiff's First Amendment rights.

G. A declaration that JOHN DOE 1's actions constituted an unlawful seizure and unreasonable force against Plaintiff.

H. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Dedham, Massachusetts.

I. To award Plaintiff damages for the violation of his constitutional rights.

J. To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

K. To award such other relief as this Honorable Court may deem just and proper.

Dated: April 17, 2025.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark. Trammell
(*Pro Hac Vice*)
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiff.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, the foregoing document was served on all prior parties or their counsel of record through the CM/ECF system and informally served on all newly-added parties as follows:

John R. Hitt
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
<john.hitt@mass.gov>
*Counsel for Trial Court of Massachusetts, Beverly J. Cannone, and Michael Morrissey*

Janelle M. Austin
KP Law, P.C.
101 Arch Street
Boston, MA 02110
<jaustin@k-plaw.com>
*Counsel for Michael d'Entremont*

/s/ Marc J. Randazza
Marc J. Randazza