# Exhibit C

March 25, 2025, Buffer Zone Order
*Commonwealth v. Read*



## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**                                                         SUPERIOR COURT
                                                                         CRIMINAL ACTION
                                                                         22-00117

### COMMONWEALTH

### vs.

### KAREN READ

### MEMORANDUM OF DECISION AND ORDER ON COMMONWEALTH'S MOTION FOR BUFFER ZONE AND ORDER PROHIBITING SIGNS OR CLOTHING IN FAVOR OF EITHER PARTY OR LAW ENFORCEMENT

Prior to the defendant's first trial, on April 4, 2024, this Court issued an order establishing a buffer zone around the Norfolk Superior Courthouse prohibiting any individual from demonstrating in any manner within 200 feet of the courthouse complex and from wearing any clothing or insignia related to the case in the courthouse during trial. The Commonwealth now moves for the Court to reestablish the buffer zone for the defendant's upcoming second trial and modify the previous order by extending it to include area encompassed within Bates Court, Bullard Street, Ames Street, and Court Street.[1]

To ensure the defendant's right to a fair trial, the Court may restrict protected speech so long as the restrictions do not "burden substantially more speech than is necessary to further the government's legitimate interests." *Ward* v. *Rock Against Racism*, 491 U.S. 781, 799 (1989). For the same reasons that compelled the Court to establish a buffer zone for the first trial, it is necessary to establish a buffer zone for the second trial to ensure the defendant's right to a fair trial.

---

[1] During argument on the motion, the Commonwealth withdrew its request for a second modification to the April 4, 2024 Order.

The case continues to garner significant public interest. When the matter is in court, individuals line the sidewalks outside the courthouse, loudly chanting and voicing their opinions about witnesses, attorneys, and the strength of the Commonwealth's case. They display matters which may be in evidence during trial or share their viewpoints as to the guilt or innocence of the defendant on their clothing or on signage. If prospective jurors are exposed to the protestors and messages displayed on signs or otherwise, particularly before this Court has had an opportunity to instruct the jurors about their obligations with regard to remaining fair and unbiased, there is a substantial risk that the defendant's right to a fair trial will be jeopardized. The risk extends during trial where jurors and witnesses would have no choice but to be exposed daily to the messages and viewpoints of the protestors when entering and leaving the courthouse or sitting in the courtroom or jury room.

Additionally, the Court concludes that modification to the April 4, 2024 Order is necessary. Despite the 200-foot buffer zone around the courthouse complex during the first trial, on the western side of the courthouse complex where there is a large open space running along High Street between Bullard Street and Ames Street, the collective voices of groups of demonstrators gathering outside the buffer zone could be clearly heard inside the courthouse. See Affidavit of Massachusetts State Police Sergeant Michael W. Hardman at par. 5. Vehicles honking their horns in response to signs and gestures from these demonstrators could also be heard frequently during the first trial. See *id.* at par. 6. Indeed, after trial, a deliberating juror reported that during deliberations, the jurors could hear protestors outside screaming and yelling. See Affidavit of Juror Doe at par. 10.[2] To ensure a fair trial with an impartial jury, extending the

---

[2] The Court also recognizes the list of concerns sent to the Court by the "Karen Read Trial Prepare Together Group"—a group of local business owners and organizations that experienced issues with protestors during the first trial.

2

buffer zone is necessary to prevent jurors from outside influence and to prevent interruptions and distractions during trial.

It is, therefore, **ORDERED** that no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court. This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting.

It is further **ORDERED** that no individuals will be permitted to wear any buttons, photographs, clothing, or insignia, relating to the case pending against the defendant or relating to any trial participant, in the courthouse during the trial. Law enforcement officers who are testifying or are members of the audience are also prohibited from wearing their department issued uniforms or any police emblems in the courthouse.

Date: March 25, 2025

Beverly J. Cannone
Justice of the Superior Court