UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 25-cv-10818-RGS

JOHN DELGADO,

                  Plaintiffs,

v.

GEOFFREY NOBLE, ET AL.,

                  Defendants.

**STATE POLICE DEFENDANTS' MOTION TO STAY
AND SUPPORTING MEMORANDUM OF LAW**

The Massachusetts State Police defendants, in their official capacities, move to stay all proceedings in this case pending the resolution of the appeal in *Grant, et al. v. Massachusetts Trial Court, et al.*, No. 25-1380, which is currently pending in the United States Court of Appeals for the First Circuit and scheduled for argument on May 5, 2025. For the reasons set forth below, this Court should allow this Motion:

    1.    On April 4, 2025, Plaintiff, John Delgado, filed this action under 42 U.S.C. § 1983 against the Colonel of the Massachusetts State Police, Geoffrey Noble in his official capacity, and three troopers in their official and individual capacities. (Doc. 1) The complaint set forth claims under the First Amendment and the Fourth Amendment concerning a buffer-zone order issued by the Massachusetts Superior Court (Cannone, J.) in a state-court criminal case entitled *Commonwealth v. Karen Read*, Norfolk Super. Ct. Criminal Action No. 2282CR00017, and the subsequent enforcement of that order by the Massachusetts State Police. (Doc. 1)

2. On April 17, 2025, Plaintiff filed a First Amendment Complaint, which, at a minimum, added additional defendants and a claim under the Fourteenth Amendment due process clause. (Doc. 15)

3. At the same time Plaintiff filed the First Amendment Complaint, he also filed Plaintiffs' Amended Motion for a Temporary Restraining Order and For a Preliminary Injunction or, in the Alternative, an Injunction Pending Appeal. (Doc. 16). In that Motion, Plaintiff seeks, among other things, to preliminarily enjoin the buffer-zone order (that is now the subject of the *Grant* appeal in the First Circuit) and to preliminarily enjoin the enforcement of the order by law enforcement. (Doc. 16, at 2 [Request for Relief]).

4. On April 11, 2025, this Court (Joun, J.) denied the *Grant* Plaintiffs' motion for preliminary injunctive relief on the First Amendment and Fourteenth Amendment challenges to the buffer-zone order. *See Grant*, Civ. Action No. 25-cv-10770-MJJ, ECF No. 38 (April 11, 2025). On April 18, 2025, Judge Joun denied the *Grant* Plaintiffs' emergency motion for an injunction pending appeal.

5. Later in the day, the *Grant* Plaintiffs appealed the denial of preliminary injunctive relief, sought an emergency injunction pending appeal, and also requested an expedited briefing schedule in the First Circuit.

6. On April 23, 2025, the United States Court of Appeals for the First Circuit denied the *Grant* plaintiffs' motion for an injunction pending appeal and also set forth an expedited briefing schedule in that appeal with an argument set for May 5, 2025. A copy of that order is attached here to as Exhibit 1.

7. In light of the First Circuit's actions in *Grant, et al. v. Massachusetts Trial Court, et al.*, No. 25-1380, which will have a direct impact on a central issue in this case, i.e., the

constitutionality of the state-court buffer-zone order, this Court should stay further proceedings in this action pending the resolution of that appeal.

8. Additionally, the Fourth Amendment enforcement claim against the Massachusetts State Police Defendants in this case are not the types of claims as to which preliminary injunctive relief may be granted. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-113 (1983).

9. Thus, a stay of proceedings in this Court would be beneficial to this Court. Courts frequently stay cases when interlocutory appeals are pending in a case or may directly impact a case. This makes sense because the guidance received from the appellate court will probably have a direct impact on discovery and further proceedings in this Court. The Court will thus conserve its and the parties' resources and promote judicial economy through such a stay.

10. Plaintiff will not be prejudiced by a stay of proceedings. His facial constitutional claims will likely be decided in the *Grant* appeal. And, his Fourth Amendment claims against the Massachusetts State Police troopers can be decided in the normal course once the *Grant* appeal is resolved.

11. Finally, on April 22, 2025, Judge Joun granted the *Grant* parties' joint request for a stay of proceedings in the *Grant* case pending resolution of the interlocutory appeal in that case. Likewise, on April 23, 2025, another judge of this Court (Casper, J.) also stayed the proceedings in another case challenging the buffer-zone order, *Derosier, et al. v. Noble, et al.*, Civil Action No. 25-cv-10812-DCC (staying proceedings through May 14, 2025 or until the First Circuit resolves the *Grant* appeal, whichever occurs first). It follows that a similar stay should be entered here given that this case involves the same central constitutional claim as *Grant* and one of the same defendants, Colonel Noble.

For at least the reasons set forth above, this Court should stay all proceedings in this action pending resolution of the *Grant* appeal.

Respectfully submitted,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ John R. Hitt

John R. Hitt, BBO# 567235
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200
john.hitt@mass.gov

Dated:  April 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I have today, April 24, 2025, served this motion by ECF.

*/s/ John R. Hitt*
Assistant Attorney General
Massachusetts Attorney General's Office

## LOCAL RULE 7.1 CERTIFICATION

By way of: an email to Plaintiffs' counsel on April 18, 2025; a follow up phone call today April 24, 2025, which went to one Plaintiffs' counsel's voicemail; and second phone call to another Plaintiffs' counsel that went to voicemail, I made a good faith attempt to resolve this issue before filing this Motion.  To date, Plaintiffs' counsel has not agreed to a stay of this action.

*/s/ John R. Hitt*
Assistant Attorney General
Massachusetts Attorney General's Office
