RANDAZZA | LEGAL GROUP

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DELGADO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities; TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; BEVERLY J. CANNONE, in her official capacity as Justice of the Superior Court; MICHAEL d'ENTREMONT, in his official capacity as Chief of the Police Department of the Town of Dedham; and MICHAEL W. MORRISSEY, in his official capacity as the Norfolk County District Attorney,<br><br>　　　　Defendants. | Civil Action No. 1:25-cv-10818<br><br>**PLAINTIFF'S EMERGENCY MOTION TO LIFT STAY AND ENTER A LIMITED INJUNCTION** |

Plaintiff John Delgado moves this Honorable Court on an emergency basis to lift the stay in this case (Doc. 23) and to protect the right to free expression within the Cannone Buffer Zone. This Court is requested to do this by enjoining the buffer zone as constituted to whatever extent it could be interpreted to limit the right to free expression outside the Dedham Courthouse by individuals who are not attempting to interfere with the administration of justice or influence the participants of the trial in the matter of *Commonwealth v. Karen Read*. If the Court declines to enter the injunction immediately, Plaintiff Delgado respectfully requests that the Court deny the preliminary injunction immediately, and make clear that it will not grant injunctive relief on appeal, so that an emergency appeal to the First Circuit may be taken without further delay.

This Court stayed Plaintiff's initial injunction request and this case upon learning that the *Grant* case plaintiffs had appealed the denial of their request for injunctive relief on the same order to the U.S. Court of Appeals for the First Circuit. However, the relief sought by the *Grant* plaintiffs was quite different from the relief sought by Plaintiff Delgado. The plaintiffs in the *Grant* case were seeking the right to protest in the buffer zone, while Plaintiff Delgado is merely seeking the right to walk through the buffer zone with a sticker on his clothing that references the Karen Read trial. Whatever authority gave the government the right to lock down protest is unclear, but there was not even a hint of justification for the government to threaten assault Mr. Delgado for placing a sticker on his clothing. To whatever extent the government could have imagined one, the First Circuit has now spoken. Hopefully, at this point, the slight rumble it made can awaken everyone from their slumber, allowing them to arise and protect the First Amendment. The government has been violating Plaintiff's rights for too long in this case, where the question is fundamentally easier than the questions the First Circuit answered in the plaintiffs' favor in *Grant*.

On May 9, 2025, the First Circuit vacated the *Grant* court's denial of the preliminary injunction. The First Circuit suggested that the Court should limit the zone imposed by Judge Cannone "to demonstrations directed toward interfering with the administration of justice or influencing the trial participants." *Grant v. Trial Court*, 2025 U.S. App. LEXIS 11261, *10 (1st Cir. May 9, 2025). The First Circuit also indicated that Plaintiff should be permitted to "engage in their desired quiet, offsite, nonobstructive demonstrations." *Id.* Given that Plaintiff Delgado was merely walking through the buffer zone wearing a sticker on his clothing that referenced the Karen Read trial and was not doing anything that the First Circuit suggested could even approach affecting the trial, Plaintiff Delgado requests that this Court enjoin Defendants from taking any action with regard to *his conduct* and that the Court admonish Defendants since their prior conduct

with regard to Mr. Delgado was a clear infringement on his Constitutional rights. In support hereof, Plaintiff refers to the accompanying memorandum of law, which is incorporated herein by reference.

Pursuant to LR 7.1(a)(2), the undersigned counsel hereby certify that they attempted in good faith to confer with Defendants to narrow the issues in this motion prior to filing. However, given the timing of the First Circuit's decision at the close of business on a Friday, and the emergency and exigent circumstances present here, they were unable to do so. Nevertheless, the government was asked to concur or to discuss narrowing the issues via email.

WHEREFORE Plaintiff respectfully requests that this Honorable Court issue a limited injunction, enjoining the enforcement of the injunction entered by Judge Cannone as drafted, prohibiting Defendants from interfering with Mr. Delgado for walking through the buffer zone with a sticker on his clothing that might have support for Karen Read on it, and instructing Defendants that Plaintiff Delgado's conduct, in wearing a sticker on his jacket referencing the trial, is permissible and that their prior conduct regarding Mr. Delgado was a clear infringement upon his Constitutional rights. Plaintiff additionally requests that the Court issue the requested limited injunction on an emergency basis and without hearing, as each day Plaintiff's Constitutional rights are violated constitutes irreparable injury and this issue will be mooted at the conclusion of Ms. Read's trial. The conduct that Mr. Delgado seeks to engage in, without being attacked by the police, is remarkably modest and unobtrusive. An injunction should issue immediately, and if it does not, Plaintiff requests that the Court clear the path to the First Circuit by denying the preliminary injunction request and denying the incorporated request for an injunction pending appeal immediately.

Dated: May 11, 2025.

Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark Trammell (*pro hac vice*)
MTrammell@libertyCenter.org
CENTER FOR AMERICAN LIBERTY
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200

*Attorneys for Plaintiffs.*

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza