UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DELGADO,

                Plaintiff,

v.

GEOFFREY NOBLE, et al.

                Defendants.

Case No. 25-cv-10818-MJJ

## EMERGENCY MOTION TO ENLARGE TIME TO FILE

Defendants, Trial Court of the Commonwealth of Massachusetts and Hon. Beverly J. Cannone (together "Defendants"), hereby move to enlarge time to respond to the Amended Complaint by **June 25, 2025**. This brief extension is justified because Defendants have just retained new counsel on June 9, 2025, and counsel requires additional time to evaluate the complex legal and procedural issues raised by this matter. Moreover, and more importantly, this extension does not prejudice any parties to this action given the current procedural posture.

## BACKGROUND

This matter is one of four sibling suits recently filed in this District,[1] all relating to "buffer zone" orders issued by Judge Cannone in the ongoing Karen Read murder trial, which has garnered significant media attention. *See, e.g.*, ECF No. 15; *Commonwealth v. Karen Read*, No. 2282CV00117 (Norfolk Super. Ct.) at Dkt No. 630 ("First Buffer Zone Order") and Dkt. No. 692 ("Second Buffer Zone Order"). Among the various suits—all filed by the same attorney—the

---

[1] *See Grant et al. v. Trial Court of the Commonwealth of Massachusetts, et al.*, No. 25-cv-10770-MJJ (D. Mass.); *Derosier et al. v. Noble et al.*, No. 25-cv-10812-MJJ (D. Mass); *Walsh v. Noble et al.*, No. 25-cv-11344-MJJ (D. Mass). Defendants are not party to the *Derosier* matter.

parties and legal challenges vary in some ways, but the issue central to all concerns Judge Cannone's May 15, 2025 "buffer zone" order (*i.e.*, the Second Buffer Zone Order) prohibiting certain demonstrations around the Norfolk Superior Courthouse during the Karen Read trial.  *See* ECF No. 29-1.  Judge Cannone issued the Second Buffer Zone Order one week after the First Circuit vacated this Court's denial of a motion for preliminary injunction against the First Buffer Zone Order sought by plaintiffs in one of the related proceedings.  *See Grant v. Trial Ct. of Commonwealth of Massachusetts*, 137 F.4th 1 (1st Cir. 2025).  On May 20, 2025, Judge Stearns transferred the instant matter before the Court, finding that it was "related" to the pending *Grant* litigation.  *See* ECF No. 30.  With respect to the pleadings, Defendants' prior counsel filed, and this Court granted, a motion to enlarge time to respond to the Amended Complaint by June 11, 2025.  *See* ECF Nos. 36–37.

## **ARGUMENT**

Two principal reasons counsel in favor of the Court granting Defendants' motion to enlarge time to respond to the Amended Complaint: (1) Defendants retained new counsel on June 9, 2025 (sworn in today, June 10), and counsel requires additional time to evaluate the significant and complicated legal issues presented by this case; and (2) no party will be prejudiced by Defendants receiving two additional weeks to respond to the Amended Complaint.

Courts may enlarge response deadlines upon a party showing good cause for the requested extension.  Fed. R. Civ. P. 6(b).  As noted, Judge Cannone and the Trial Court of the Commonwealth of Massachusetts—Defendants in some, but not all of these related actions—retained new counsel just yesterday (June 9, 2025), and counsel was sworn in this afternoon. Defendants' counsel requires a short extension of two weeks to evaluate the significant

constitutional issues raised by this matter, particularly given its tortured procedural history. The complexity of this case *to date* is sufficient to warrant this brief extension, but it becomes even more apparent when looking ahead. Specifically, just yesterday (June 9), this Court denied an emergency motion for injunctive relief pending appeal filed by plaintiffs in the *Grant* litigation. *See Grant et al.*, No. 25-cv-10770-MJJ, ECF No. 83. If past is prologue, this portends another emergency motion in the First Circuit seeking injunctive relief pending appeal, which will require a response in short order. *See, e.g.*, Emergency Mot. For Inj. Pending Appeal, *Grant et al. v. Trial Court of the Commonwealth of Mass. et al.*, No. 25-1380 (1st Cir. Apr. 18, 2025) (seeking emergency injunctive relief pending appeal of this Court's denial of motion for preliminary injunction relating to First Buffer Zone Order). This is just one of the many examples of the complex—and time-sensitive—issues presented by this litigation. Given the factual and legal realities of these related cases, a brief extension to respond to the Amended Complaint in this action is warranted.

Perhaps more importantly, Plaintiff would not be prejudiced if this Court grants Defendants' requested extension. First, Plaintiff will not suffer harm as a result of an extension. *See, e.g.*, *Niemic v. Maloney*, 409 F. Supp. 2d 32, 37 (D. Mass. 2005) (denying motion to enter default despite multiple enlargements because plaintiff suffered no prejudice). To the extent Plaintiff Delgado seeks emergency injunctive relief, the Court has already ruled on the relevant motion for a preliminary injunction, and that order is currently being appealed. *See Grant*, Case No. 25-cv-10770-MJJ, at ECF Nos. 76, 78. And because Plaintiff's only claims against Defendants Judge Cannone and the Trial Court of the Commonwealth of Massachusetts are for the very injunctive relief that is the subject of the pending First Circuit appeal, there is no credible

argument that a short delay for these Defendants to file a responsive pleading could conceivably prejudice Plaintiff Delgado. Insomuch as Plaintiffs intend to actually seek monetary damages against any entities that do not have sovereign immunity, those entities are not impacted by thus Motion and thus that litigation can continue.

Accordingly, Defendants respectfully request the Court grant their motion and enter an order enlarging Defendants' response time for filing a responsive pleading to **June 25, 2025**.

Respectfully submitted,

*/s/ Robert A. Fisher*
Robert A. Fisher (BBO No. 652602)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA  02109
Tel.: (617) 345-1000
Fax: (617) 345-1300

## **CERTIFICATE OF SERVICE**

I, Robert A. Fisher, hereby certify that this Notice filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, June 10, 2025.

*/s/ Robert A. Fisher*
Robert A. Fisher